IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD GENE WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>LANCE GRIFFIN, HEIDI ABBOTT, LAURA JANES, CONNIE WINNER, CATHY REDFERN, TRISTAN KOHUT, and SCOTT PIRANIAN,<br><br>Defendants. | CV 15-00028-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Washington has filed a Motion for an Extension of Time to File an Amended Complaint (Doc. 9) and two Motions for an Order to Show Cause for a Preliminary Injunction (Doc. 8, 10). The motion for an extension of time will be granted in part. The motions for preliminary injunction should be denied.

**I. Motion for Extension of Time**

Mr. Washington alleges the grievance staff at Montana State Prison refused to provide him copies of the grievances he used in his Complaint. He alleges he needs these grievances to provide the Court with sufficient factual information. He contends the grievance process can take up to four months. He also alleges he will probably be placed in detention and will not have his property or legal materials.

1

(Motion for Extension, Doc. 9.)

While the Court will grant Mr. Washington an extension of time to file an amended complaint, a four-month extension is excessive without a greater showing of cause. While it may be helpful to obtain copies of certain grievances, Mr. Washington is not required to, nor should he, attach documents to his Complaint. It is only necessary for Mr. Washington to set forth sufficient factual allegations in support of his claims.

## II.  Motions for Preliminary Injunction

Mr. Washington seeks an order requiring Defendants to provide him with: (1) an evening snack to eat when he takes his Naproxen (Doc. 8); and (2) copies of his grievances (Doc. 10).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). As a general rule, courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Serv.*,

753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Here, the Complaint has not been served upon Defendants. Defendants have not entered an appearance in this action, and they have not yet responded to the Complaint. The Court does not have personal jurisdiction over any Defendants as they are not yet parties to the suit. Thus, Mr. Washington's motions for injunctive relief are premature and should be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Washington's Motion for an Extension of Time to File an Amended Complaint (Doc. 9) is **GRANTED IN PART**. Mr. Washington must file an amended complaint in compliance with the Court's Order of May 19, 2015 (Doc. 7) on or by July 31, 2015.

Further, the Court issues the following:

## RECOMMENDATION

Mr. Washington's Motions for Preliminary Injunctions (Docs. 8 and 10) should be **DENIED WITHOUT PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Washington may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of June, 2015.

       /s/ John Johnston
       John Johnston
       United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.