IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD GENE WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>LANCE GRIFFIN, HEIDI ABBOTT, LAURA JANES, CONNIE WINNER, CATHY REDFERN, TRISTAN KOHUT, and SCOTT PIRANIAN,<br><br>Defendants. | CV 15-00028-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Washington filed an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. (Doc. 16.) Defendant Laura Janes filed a motion to dismiss for failure to state a claim. (Doc. 21.) Mr. Washington did not respond to the motion. Mr. Washington made no allegations against Nurse Janes in the Amended Complaint; therefore, the motion to dismiss should be granted.

**I. Standard**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any

1

claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 570). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In determining whether a pleading states a cognizable claim, the Court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

In general, pro se pleadings are held to a less stringent standard than those

2

drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The Court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## II. Analysis

Nurse Janes correctly contends that she should be dismissed from this case because Mr. Washington does not state any allegations against her in the Amended Complaint. The original Complaint made the conclusory allegation that "Defendants Heidi Abbott, Laura Janes, Cathy Redfern, and Connie Winner have all been very active in the consistent pattern of MSP medical staff such as everyone who have constantly violated my constitutional rights." (Complaint, Doc. 2-1 at 2.) The undersigned found this allegation insufficient to state a claim for relief because Mr. Washington had not alleged what each specific defendant did to allegedly deny him medical care. (Order dated May 19, 2015, Doc. 7 at 7.) Mr. Washington was given an opportunity to file an amended complaint. In the Amended Complaint, Nurse Janes is named as a defendant, but there are no factual allegations brought against her.

To state an Eighth Amendment claim for denial of medical care, a prisoner must allege "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There is no allegation that Nurse Janes was deliberately indifferent to Mr. Washington's serious medical needs, and there are no facts to support any such claim. Although this may be an issue that could be cured by amendment, Mr. Washington did not file a response to Defendants' Motion to Dismiss.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

Defendant Laura Janes's Motion to Dismiss (Doc. 21) should be **GRANTED**, and Nurse Janes should be **DISMISSED** as a defendant in this action.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 19th day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge