IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD GENE WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>LANCE GRIFFIN, HEIDI ABBOTT, LAURA JANES, CONNIE WINNER, CATHY REDFERN, TRISTAN KOHUT, and SCOTT PIRANIAN,<br><br>Defendants. | CV 15-00028-H-DLC-JTJ<br><br>ORDER |

Plaintiff Richard Washington filed a Motion for Procedural Default Against Defendants (Doc. 31); Motion for Supplemental Complaint and to Add One Defendant (Doc. 35); and Motion for Copies (Doc. 36.)

There is no indication in any of these motions that Mr. Washington consulted opposing counsel regarding whether or not they object to the motion. *See* D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."). The Court's August 1, 2016 Order (Doc. 32 at 2) advised the parties that the Court would deny any future motions that do not comply with this rule. None of Mr. Washington's motions comply with this rule and on that basis alone they are

1

subject to dismissal. Out of an abundance of caution and so as not to delay this matter, the motions will also be addressed on the merits.

## I. Motion for Procedural Default

There is no basis upon which to enter procedural default. Rule 55 of the Federal Rules of Civil Procedure provides that default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). Defendants answered Mr. Washington's Amended Complaint (Doc. 23) and are actively defending the case.

Mr. Washington argues that default should be entered as a sanction for interference with his mail. In support of his motion, Mr. Washington submitted a number of grievances complaining about various issues with his legal mail. Several are dated in 2014 and 2015. The only recent grievance is dated July 22, 2016, (his motion is dated July 27, 2016) in which he complains that a letter from Defendants' counsel was opened. He complains that his legal privacy is being violated. (Doc. 31.)

Regardless of prison rules and regulations, the prison does not violate Mr. Washington's constitutional rights by opening mail from opposing counsel. Mr. Washington has no expectation of privacy in correspondence from counsel for

2

Defendants. Prison staff may open a prisoner's mail from courts (i.e., "court mail") and/or opposing counsel, as opposed to mail from the prisoner's attorney (i.e., "legal mail"). *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir.1996), amended, 135 F.3d 1318 (9th Cir.1998). "Legal mail" in the context of the First Amendment generally refers to only correspondence between a prisoner and his attorney. *See Wolff v. MacDonald*, 418 U.S. 539, 575–76 (1974); *Keenan*, 83 F.3d at 1094. There is no grounds for default based upon the alleged opening of mail from counsel for Defendants.

## II. Motion for Supplemental Complaint (Doc. 35)

Mr. Washington seeks to amend his pleadings to add Cindy Hiner, MSP's new medical director, as a defendant to this action. He alleges that on August 16, 2016 Ms. Hiner denied his request for a staff investigation regarding his chronic headaches when she responded to his July 27, 2016 Appeal to the Warden. (Doc. 35 at 5.)

Defendants oppose the motion arguing that Mr. Washington failed to comply with D.Mont.L.R. 15.1 by failing to attach a proposed pleading to his motion as an exhibit, he has not exhausted his administrative remedies with regard to the claim he seeks to add, and the claims he seeks to add are unrelated to those he asserts against the current Defendants.

3

The Court agrees with Defendants. Mr. Washington failed to comply with Local Rule 15.1 but more importantly the amendments are untimely and improper.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend their pleading <u>once</u> as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Defendants filed an answer to Mr. Washington's first amended complaint on February 5, 2016, (Doc. 23) therefore, this aspect of the rule does not apply.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. (a)(2). Defendants oppose Mr. Washington's motion, therefore he may amend only with leave of court.

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis,* 371 U.S. 178, 182 (1962). While leave to amend should be freely granted, the United States Supreme Court has also noted times where such an amendment might not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of the amendments, futility of amendment, etc." *Foman,* 371 U.S. at 182; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

Mr. Washington's motion to amend is not timely. The deadline for filing amended pleadings was August 19, 2016. Mr. Washington did not sign his motion until August 24, 2016. (Doc. 35 at 7.) Further, Mr. Washington seeks to add a claim regarding an incident which occurred on August 11, 2016 (Ms. Hiner's response to his grievance appeal), when the claims set forth in the amended complaint arose in 2014 and early 2015.

Finally, Defendants are correct that any such amendment would be futile. "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir. 2003). Given that Ms. Hiner denied Mr. Washington's grievance appeal on August 11, 2016, and Mr. Washington admits that he is still in the process of exhausting his administrative remedies (Doc. 35 at 2), it is clear that Mr. Washington did not exhaust his administrative remedies prior to filing his motion to supplement. The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies prior to filing a § 1983 lawsuit

challenging prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Thus, any amendment at this time would be futile.

**III. Motion for Copies**

Mr. Washington seeks the original copies of his Disclosure Statement. According to the docket, those documents were returned to Mr. Washington on August 5, 2016. (Doc. 33.) Accordingly, the motion is moot.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Washington's Motion for Procedural Default Against Defendants (Doc. 31) is **DENIED**.

2. Mr. Washington's Motion for Supplemental Complaint and to Add One Defendant (Doc. 35) is **DENIED**.

3. Mr. Washington's Motion for Copies (Doc. 36) is **MOOT**.

4. At all times during the pendency of this action, Mr. Washington shall immediately advise the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 5th day of October 2016.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge